**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-7397**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

CEDRIC SHARROD WILLIAMS,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Malcolm J. Howard, Senior District Judge. (5:14-cr-00075-H-1; 5:16-cv-00203-H)

Submitted: January 22, 2019                Decided: January 25, 2019

Before MOTZ, KEENAN, and FLOYD, Circuit Judges.

Remanded by unpublished per curiam opinion.

Cedric Sharrod Williams, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cedric Sharrod Williams seeks to appeal the district court's order denying relief on his 28 U.S.C. § 2255 (2012) motion. When the United States or its officer or agency is a party, the notice of appeal must be filed no more than 60 days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court's order was entered on the docket on July 24, 2018 . The notice of appeal was filed, at the earliest, on November 4, 2018.[1] However, Williams attached to his notice of appeal a letter stating that he filed his notice of appeal after the expiration of the appeal period because the district court's final order was initially mailed to the wrong address and that the delay prevented him from filing on time. We construe this letter as a motion to reopen the appeal period. *See* Fed. R. App. P. 4(a)(6). We remand the case for the limited purpose of allowing the district court to determine when Williams received notice of the district court's entry of its final order and whether he is entitled to a

---

[1] For purposes of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to this court. *See* Fed. R. App. P. 4(c); *Houston v. Lack*, 487 U.S. 266, 270-72 (1988).

2

reopening of the appeal period pursuant to Rule 4(a)(6).[2] The record, as supplemented,

will then be returned to this court for further proceedings.

*REMANDED*

---

[2] Because Williams did not move for an extension of the appeal period under Fed. R. App. P. 4(a)(5), he is not eligible for an extension for excusable neglect or good cause. *See Wilder v. Chairman of Cent. Classification Bd.*, 926 F.2d 367, 371 (4th Cir. 1991).